*In re* MARIO D. MARENO, a Minor.—(THE PEOPLE OF THE STATE OF
ILLINOIS, Petitioner-Appellee, *v.* MARIO D. MARENO,
Respondent-Appellant.)

First District (3rd Division)   No. 62410

Opinion filed October 21, 1976.

James J. Doherty, Public Defender, of Chicago (George Pfifer and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:
The minor-respondent, Mario D. Mareno, was found delinquent for aggravated assault and criminal damage to property, adjudged a ward of the court and committed to the Department of Corrections, Juvenile Division. In his appeal he contends that he could not be found delinquent for two charges arising from the same act.

The case was brought upon a petition for adjudication of wardship which included the following allegations:
"3. The minor is delinquent by reason of the following facts:
1. In that Mario D. Mareno has, on or about 18 Nov. 74 at Cook County, Illinois committed the offense of Aggravated Assault in that he without lawful authority, and while using a deadly weapon,

Shotgun (make and gauge unknown), shot at the victim thereby placing the said Anthony Melendrez in a reasonable apprehension of receiving a battery, in violation of Chapter 38, Section 12—2(a)1, Illinois Revised Statutes.

2. In that Mario D. Mareno has, on or about 18 Nov. 74 at Cook County, Illinois committed the offense of Criminal Damage to Property in that he knowingly damaged 1972 Ford L.T.D. 2 Dr. H.T. (Windshield, Side Window and Head Linner [sic], the property of Anthony Melendrez without the consent of said Anthony Melendrez, in violation of Chapter 38, section 21—1a, Illinois Revised Statutes."

The petition concluded in asking "that the minor be adjudged a ward of the court and for other relief under the Juvenile Court Act."

Because no contention is raised that the evidence was insufficient to establish respondent's guilt, we need only summarize the facts pertaining to the issue involved. On November 18, 1974, at about 10 p.m., Anthony Melendrez stopped his automobile at a Chicago intersection. Respondent approached from the left side, near the driver's window, and asked for a ride. Another boy stood in front of the car. Melendrez said that lighting conditions at the intersection were good and he noted that respondent was wearing a blue stocking cap and a long army coat. Respondent opened his coat and Melendrez saw a shotgun which respondent laid against the window. Melendrez lowered his head and drove off as the weapon discharged. Damage in the amount of about $400 was done to the car and Melendrez suffered a bleeding ear from shattered glass. At the conclusion of the hearing the trial court expressly found that respondent was proved guilty of the offenses of aggravated assault and of criminal damage to property. The court then stated: "There will, therefore, be a finding of delinquency as to each count [sic] of this petition, and the respondent Mario Mareno will be adjudged a ward of this Court." At a subsequent dispositional hearing, the court in summarizing the record stated that at the adjudicatory hearing there was "a finding of delinquency as to Count I and Count II [sic] of this petition." After consideration of a social investigation, respondent was committed to the Department of Corrections.

Respondent argues that it was error for the court to find him delinquent on the two charges since they resulted from his single act of firing a shotgun. The State maintains that respondent was properly found delinquent for committing both offenses since the acts constituting each offense were not the same conduct. The law is clear that in criminal cases multiple convictions based upon the same act are improper, and only the conviction and sentence for the most serious offense may stand. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819.) Neither party has discussed or cited authority

concerning whether this proposition of criminal law is applicable to juvenile proceedings.

While our supreme court has apparently not held that multiple convictions arising from the same act are constitutionally prohibited (*People v. Lerch* (1972), 52 Ill. 2d 78, 284 N.E.2d 293; *People v. Russo* (1972), 52 Ill. 2d 425, 288 N.E.2d 412), the thrust of the decisions on this issue would seem to focus on the prejudice which could inure. (*People v. Lilly; People v. Duszkewycz* (1963), 27 Ill. 2d 257, 189 N.E.2d 299.) It is within this context that the question of multiple convictions arising from the same occurrence must be viewed to determine whether such rule should apply to juvenile proceedings.

■■■ While the realistic distinction between criminal and juvenile proceedings is not sharply defined (*Breed v. Jones* (1975), 421 U.S. 519, 44 L. Ed. 2d 346, 95 S. Ct. 1779), it is clear that a juvenile record may be used in aggravation and mitigation in allowing the trial court to render a proper disposition in subsequent criminal matters when the individual is no longer subject to the jurisdiction of the Juvenile Court. (Ill. Rev. Stat. 1975, ch. 37, par. 702—9(2); *People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409.) Also, under appropriate circumstances, a juvenile's record might be used to impeach his testimony at a criminal proceeding. *People v. Norwood* (1973), 54 Ill. 2d 253, 296 N.E.2d 852.

■■ In the instant case, the juvenile proceedings were instituted upon the filing of a petition for an adjudication of wardship alleging that respondent "is delinquent by reason of the * * * facts" that he committed the offense of aggravated assault and the offense of criminal damage to property. Respondent was found delinquent and adjudicated a ward of the court, based on the trial court's finding that there was sufficient evidence to establish guilt as to both offenses. Thus, respondent was brought within the statutory definition of a delinquent minor under section 2—2 of the Juvenile Court Act which includes "any minor who * * * has violated * * * any federal or state law or municipal ordinance" (Ill. Rev. Stat. 1975, ch. 37, par. 702—2). We find that upon the filing of the single petition for adjudication of wardship there could be but one finding of delinquency, even though predicated upon multiple offenses which may have arisen out of the same conduct. This is not an instance of multiple convictions, but rather a case involving a single finding of delinquency. We fail to see any prejudice to the respondent. See *In re Stiff* (1975), 32 Ill. App. 3d 971, 336 N.E.2d 619.

For the foregoing reasons, the order of the Circuit Court of Cook County is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.