UNITED STATES

v.

**Senior Airman Louis F. SLOVACEK,
FR 280–68–1163, United States
Air Force.**

**ACM 24800.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 March 1985.

Decided 11 Oct. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major Robert

E. Ferencik and Major Thomas G. Maser, USAFR.

Before HODGSON, FORAY, and MICHALSKI, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

During the early evening hours of 1 November 1984, the appellant smoked a marijuana cigarette at his off-base quarters near Homestead Air Force Base. Later that evening he and a friend consumed large amounts of alcoholic beverages both on and off base. While returning to his home the appellant took a short cut through Homestead Air Force Base and drove to the on-base residence of a fellow servicemember with whom he was acquainted. Upon arriving there, he entered the house and abducted their three year old daughter. He then drove to an isolated area off-base and had the child perform fellatio on him. He was arrested as he returned the victim to her home.

On the above facts and pursuant to mixed pleas,[1] the appellant was convicted in a bench trial of kidnapping, sodomy with a child under 16, burglary and wrongful use of marijuana. He was sentenced to a dishonorable discharge, total forfeitures, life imprisonment and reduction to airman basic.

## I

As part of its evidence on the burglary allegation, the prosecution offered an out-of-court statement of the appellant wherein he acknowledged he went to the residence for the purpose of getting the child and "having sex" with her. Also included in the document was the statement, "I further state that I have had no other sexual contact with the child or any other small children." In his cross-examination of the interviewing officer, defense counsel sought to establish that the police investigation of the incident tended to confirm the truthfulness of the appellant's statement.

The prosecutor contended that the circumstances just described would permit him to establish, as rebuttal evidence,[2] an earlier incident by the appellant involving sexual contact with the victim. The trial judge agreed and allowed a police investigator to testify that the *victim's mother told him that her daughter told her that* "six months prior the accused had had her perform oral sex on him."

■■■■ Assuming, *arguendo*, the Government may impeach a portion of a confession it has offered on the merits (*see* Mil.R. Evid. 607), the question remains as to the method of getting this evidence before the court. The child who allegedly participated in the act could have been called as a witness notwithstanding her tender years, *cf. United States v. Allen*, 13 M.J. 597 (A.F.C.M.R.1982) (Trial judge properly qualified a four year old child as a witness), but the record is silent as to why this was not done. The statement of the police investigator is a clear example of multiple hearsay, but hearsay within hearsay is not excluded if an exception to the hearsay rule satisfies each hearsay problem associated with the statement. *See* Mil.R.Evid. 802 and 805. While not stated at trial by either the prosecutor or the trial judge, it appears to us that the residual hearsay exception of Mil.R.Evid. 804 is the only basis for admitting the child's statement.

We have repeatedly held that statements admitted under the residual hearsay exception are admissible only where the express requirements of the rule are met. *United States v. Barror*, 20 M.J. 501 (A.F.C.M.R. 1985). Here the Government failed to establish: 1) that the child was unavailable as witness, *see United States v. Griffin*, 21 M.J. 501 (A.F.C.M.R.1985); 2) that the child's statement possessed "circumstantial

---

1. The appellant pleaded guilty to the kidnapping, sodomy and drug allegations. He defended the burglary charge on the ground he was too intoxicated to form the required intent at the time he entered the dwelling. The trial judge rejected this contention.

2. The trial judge permitted the government to offer the evidence in its case-in-chief.

guarantees of trustworthiness" as to its truthfulness, *United States v. Barror, supra;* and 3) that the defense was notified in advance of trial that the child's statement would be used, Mil.R.Evid. 804(b)(5); *see also United States v. Ruffin,* 12 M.J. 952 (A.F.C.M.R.1982). Under these circumstances we hold that the trial judge abused his discretion in admitting the child's statement. *Accord United States v. Crayton,* 17 M.J. 932 (A.F.C.M.R.1984).

 Having concluded the trial judge erred, we must now assess the effect of this testimony on the appellant's burglary conviction. Not every error in admission of evidence requires the reversal of a conviction. Harmless error results where it is not reasonably probable that the fact finders were swayed by the invalid evidence. *United States v. Clark,* 12 M.J. 978 (A.F.C.M.R.1982). The appellant contends he was too drunk to form the specific intent alleged to exist at the time of the breaking and entering. In his pre-trial statement he acknowledged he entered the house with the purpose of "having sex" with the child. True, at trial he sought to negate this admission, but this is a factual dispute that the trial judge resolved against him. Further, the appellant's intent at the time of this entry may be established by circumstantial evidence and may be inferred from the time and manner of the entry and his conduct after entry. Here, the appellant abducted the child and took her to an isolated area where the offense occurred. In our view, there is compelling evidence to support the appellant's conviction for burglary, and the rebuttal evidence as to alleged prior misconduct with the victim did not contribute to that conviction. *United States v. Garcia,* 15 M.J. 685 (A.F.C.M.R. 1983).

3. R.C.M. 1001*b*(3)(A) states in part:
 (3) *Evidence of Prior Convictions of the Accused.*
 (A) In General. The trial counsel may introduce evidence of military or civilian convictions of the accused ...

4. *United States v. Hansen,* 701 F.2d 1078 (2d Cir.1983); *United States v. Battle,* 523 F.Supp. 855 (S.D. Ohio, W.D.1981); *Hayden v. State,* 283

## II

 The appellant next argues that the trial judge erred in admitting, over objection, during sentencing, evidence of three "juvenile convictions," i.e., abduction, use of a deadly weapon during a theft and causing physical harm by means of a deadly weapon during a theft. These offenses apparently resulted from a single episode when the appellant was seventeen. He was subsequently adjudged a delinquent by the Hamilton County, Ohio Court of Common Pleas, Juvenile Division.

Appellate defense counsel maintain these juvenile records do not amount to a conviction within the meaning of R.C.M. 1001*b* (3)(A) [3], and are essentially "civil" in nature and not criminal. We note in passing that the Court directed that the appellant remain under the care and control of the "YOUTH COMMISSION STATE OF OHIO, MAXIMUM SECURITY FACILITY" until age 21 or, if sooner, released under due process of law.

A significant number of jurisdictions permit evidence of prior juvenile adjudications to be considered by the sentencing authority in assessing punishment [4]. This is true in Ohio where the Ohio Revised Code, 2151.35 states in part:

> The disposition of a child under the judgment rendered or any evidence given in the [juvenile] court shall not be admissible against the child in any case or proceeding in any other court, except that the judgment rendered and *the disposition of such child may be considered by any court only as to the matter of sentence* or to the granting of probation, *(emphasis added.)*

As best, sentencing is a deliberative, thoughtful process and not a science. It

S.C. 121, 322 S.E.2d 14 (1984); *Commonwealth v. Smith,* 333 Pa.Super. 179, 481 A.2d 1365 (1984); *People v. Hubbell,* 108 Cal.App.3d 253, 166 Cal.Rptr. 466 (1980); *Dickens v. State,* 368 So.2d 950 (Fla.App.1979); *In Interest of Mareno,* 43 Ill.App.3d 556, 2 Ill.Dec. 425, 357 N.E.2d 592 (1976); *State v. Koehmstedt,* 297 N.W.2d 315 (N.D.1980); *State v. Hernandez,* 20 Wash.App. 225, 581 P.2d 157 (1978).

follows therefore that the sentencing authority should be given as much relevant information as is available and admissible to guide him or her in the sentencing task.

The appellant's juvenile records are the functional equivalent of a conviction, and since the Manual for Courts-Martial does not expressly prohibit the consideration of juvenile adjudications, and the Ohio statute expressly permits it, we see no reason in law or logic to bar their admission. We find support for this conclusion in *United States v. Barrow*, 9 U.S.C.M.A. 342, 26 C.M.R. 123 (1958) and *United States v. Morris*, 9 U.S.C.M.A. 347, 26 C.M.R. 127 (1958), where the Court of Military Appeals held it permissible for the reviewing authority to consider the accused's juvenile misdeeds and convictions when considering clemency. Surely, the sentencing authority should be allowed the same prerogative when arriving at a sentence. The appellant's juvenile records were properly admitted.

### III

In light of the error discussed in Part I of this opinion, the record of trial and the appellant's prior disciplinary history, we find appropriate only so much of the sentence as provides for a dishonorable discharge, confinement for 60 years, total forfeitures and reduction to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.

FORAY, Senior Judge and MICHALSKI, Judge, concur.