FIRST DIVISION
March 31, 2008

No. 1-06-1214

| | | |
|---|---|---|
| *In re* D.H, a Minor, | ) | Appeal from |
| | ) | the Circuit Court |
| (The People of the State of Illinois, | ) | of Cook County |
| | ) | |
| Petitioner-Appellee, | ) | No. 05 JD 5151 |
| v. | ) | |
| | ) | |
| D.H., | ) | Honorable |
| | ) | Noreen Marie Daly, |
| Respondent-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Respondent D.H., a 12-year-old boy, appeals the trial court's adjudication of delinquency and wardship after finding him guilty of two counts of criminal sexual abuse of the victim D.F., a 10-year-old girl . The trial court imposed a mandatory term of 5 years' probation and ordered respondent to register for 10 years as a sexual offender. Respondent appealed. We affirm but modify the dispositional order to reflect a single count of criminal sexual abuse.

The State filed a petition for a finding of delinquency and adjudication of wardship on September 1, 2005, under section 5-520 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-520 (West 2004)). The petition alleged respondent was delinquent on two counts: (1) engaging in sexual conduct "by the use of force" when he "knowingly rubbed the victim's crotch

for the purpose of sexual arousal or gratification" in violation of section 12-15(a)(1) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-15(a)(1) (West 2004)); and (2) knowingly committing sexual conduct by rubbing the crotch of the victim who was at least 9 but under 17 years of age while he was under 17 years of age "for the purpose of sexual gratification or arousal" in violation of section 12-15(b) of the Code (720 ILCS 5/12-15(b) (West 2004)). The petition alleged that respondent committed both counts against the same victim on the same date, August 21, 2005.

Respondent and another minor, 15-year-old A.R., were tried jointly in a bench trial. The victim testified that she and three other girls were walking toward her house at about 7:30 p.m. on August 21, 2005. She said it was getting dark at that time. Four boys approached them, including A.R. and respondent. One of the boys, known as Cha, ran to the victim's house and blocked the door so she could not go inside. Respondent and A.R. then ran toward the girls, who began running away. The victim said she stopped running when one of her friends bumped into her.

Respondent said A.R. then grabbed her arm and called her "a buzz down," a name referring to somebody who sucks "a boy's stuff." A.R. asked the victim, "Are you sucking or are you fucking?" The victim testified that respondent pushed her to the ground. A.R. lifted up her ankles and held her legs in the air, continuing to ask her, "Are you fucking or are you sucking?" Respondent then straddled her, with his legs on either side of her stomach. She said respondent was trying to unzip the zipper of his pants. Before he could do so, one of the girls pushed him away. A.R. continued to hold the victim's legs in the air. The victim said respondent then found a

2

rock on the ground. Respondent poked the rock in the victim's vagina through her underwear while A.R. continued to hold her legs. She said respondent poked her vagina "about two times." The victim said while this was happening, she was wiggling, trying to get free and telling the boys to leave her alone. She eventually was able to kick A.R. in the arm and get up. She heard A.R. say, "Oh we was just playing. We was just playing." The victim said she had known respondent through friends for about a year when the incident occurred. When she got home, she told her mother, who called the police. When two police officers arrived at her home, she told them what had happened.

On cross-examination, the victim said she could not remember the names of the officers who came to her home. The victim admitted she first told the police that the incident happened at 9 p.m., not 7:30 p.m. She said she did not use the word "vagina" when she spoke with the police but heard it later from her mother.

Officer McDaniels, whose first name is not apparent in the record, testified he met with the victim at about 9 p.m. on the night of the incident. He said the victim reported that respondent rubbed a rock between her legs against her crotch.

The trial court determined that the State established respondent's delinquency beyond a reasonable doubt. The court found the victim's testimony to be credible and mostly unimpeached. The court specifically found respondents clearly had knowledge of sexual gratification and arousal as shown by the their repeated use of the terms "fucking" and "sucking." The court also found that A.R.'s comment as the victim ran away that they were "just playing" was "clearly indicative that they knew what they did was wrong." The court found the circumstantial evidence

3

established that respondent's acts were for sexual gratification. The court concluded, "the State has established beyond a reasonable doubt the delinquency of both minors under the charges as charged in the respective petitions." See People ex rel. Devine v. Stralka, 226 Ill. 2d 445, 456, 877 N.E.2d 416 (2007) ("A finding of guilt and a finding of delinquency are the same in a juvenile delinquency case").

The trial court entered a dispositional order, showing respondent was found guilty of two counts of criminal sexual abuse. The court ordered a mandatory five-year term of probation under section 5-715(1) of the Act (705 ILCS 405/5-715(1) (West 2004)) (a minimum term of five years' probation is mandatory for a minor found guilty of a forcible felony). The trial court also ordered 30 hours of unpaid community service, mandatory school attendance and registration and treatment as a juvenile sex offender. The court prohibited respondent from having pornography or contact with children under age 12.

Respondent argues on appeal: (1) the State failed to prove beyond a reasonable doubt that he acted for the purpose of his sexual gratification or arousal and his offense should be reduced to simple battery; (2) the sex offender registration and notification scheme as amended in 2006 violates his state and federal constitutional rights; and (3) this court must change the court's dispositional order to show that he was delinquent based on one, not two, counts of criminal sexual abuse.

Respondent first argues that the State's evidence was insufficient to prove that he intended to derive sexual gratification or arousal from his acts against the victim.

In reviewing a challenge to the sufficiency of the evidence, we consider the evidence in a

light most favorable to the prosecution. In re Matthew K., 355 Ill. App. 3d 652, 655, 823 N.E.2d 252 (2005). We determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. In re Matthew K., 355 Ill. App. 3d at 655. "We will not substitute our judgment for the judgment of the trier of fact unless the judgment was inherently implausible or unreasonable." In re Matthew K., 355 Ill. App. 3d at 655.

The elements of criminal sexual abuse are stated in section 12-15 of the Code (720 ILCS 5/12-15 (West 2004)). The first of the two counts against respondent was based on section 12-15(a)(1) of the Code, providing that the sexual conduct occurred through use or threat of force. 720 ILCS 5/12-15(a)(1) (West 2004). This offense is a Class 4 felony (720 ILCS 5/12-15(d) (West 2004)), punishable by not less than one year or more than three years in prison (730 ILCS 5/5-8-1(a)(7) (West 2004)). The second count was based on section 12-15(b) of the Code, providing that the sexual conduct was perpetrated by a person under age 17 against a person who was at least age 9 but under age 17. 720 ILCS 5/12-15(b) (West 2004). This offense is a Class A misdemeanor (720 ILCS 5/12- 15(d) (West 2004)), punishable by a sentence of imprisonment for less than one year (730 ILCS 5/5-8-3(a)(1) (West 2004)).

Sexual conduct is "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age *** for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/12-12(e) (West 2004)).

"Intent to arouse or satisfy sexual desires may be established by circumstantial evidence, which the trier of fact may consider in inferring defendant's intent from his conduct." People v.

Kolton, 347 Ill. App. 3d 142, 148, 806 N.E.2d 1175 (2004). "[T]he issue of intent of sexual gratification in minors must be determined on a case-by-case basis. There can be no bright-line test." In re Matthew K., 355 Ill. App. 3d at 656-57. "When the accused is an adult, a fact finder can infer that an accused intended sexual gratification." In re Matthew K., 355 Ill. App. 3d at 655. "However, 'it is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult.' " In re Matthew K., 355 Ill. App. 3d at 655, quoting In re A.J.H., 210 Ill. App. 3d 65, 72, 568 N.E.2d 964 (1991). Statements that show a consciousness of guilt can support the inference that the accused intended to gratify his sexual desires. People v. C.H., 237 Ill. App. 3d 462, 473, 603 N.E.2d 1280 (1992).

Here, the victim's testimony showed that she was forced to lie on her back on the ground while A.R. restrained her. Respondent took advantage of her incapacity by straddling her, trying to unzip his zipper and poking her crotch with a rock. The incident began with a sexual reference to a "buzz down" and continued in that vein as A.R. repeatedly asked the victim if she was "fucking" or "sucking." Under these circumstances, a fact finder could conclude beyond a reasonable doubt that the 12-year-old respondent intended to derive sexual arousal or gratification when he forcibly poked the 10-year-old victim's crotch with a rock. As the trial judge noted, A.R.'s defensive comment that he and respondent were "just playing" showed a consciousness of guilt. This further supports the inference that respondent's actions were deliberately sexual in nature. Under these circumstances, we believe the State established the elements of criminal sexual abuse beyond a reasonable doubt.

Respondent argues that under similar circumstances Illinois courts have declined to infer

that minor respondents intended to derive sexual gratification from their acts. He relies on In re A.J.H., where this court reversed the trial court's finding that a 13-year-old female babysitter committed aggravated criminal sexual abuse of a 5-year-old boy under what is now section 12-16(c)(2)(i) of the Code (720 ILCS 5/12-16(c)(2)(i) (West 2004)). In re A.J.H., 210 Ill. App. 3d at 65-66. This court disagreed, concluding that the State failed to prove that the respondent acted for sexual gratification or arousal when she touched the boy's penis for four to five seconds. In re A.J.H., 210 Ill. App. 3d at 72. The court declined "to impute the same intent into a child's action that one could reasonably impute to the actions of an adult." In re A.J.H., 210 Ill. App. 3d at 72.

Respondent also relies on In re E.R.E., where this court reversed the trial court's finding that a 12-year-old boy was delinquent based on the aggravated criminal sexual abuse of his 6-year-old niece under what is now section 12-16(c)(2)(i) of the Code (720 ILCS 5/12-16(c)(2)(i) (West 2004)). In re E.R.E., 245 Ill. App. 3d 669, 670, 614 N.E.2d 1367 (1993). The victim and her younger sister alleged the respondent had touched the victim through her underwear on her "private part." In re E.R.E., 245 Ill. App. 3d at 671. The evidence showed the girls gave inconsistent accounts of whether the touching took place and, if so, to what extent. This court reversed the judgment of the trial court, concluding that the State failed to prove the respondent sought sexual gratification. In re E.R.E., 245 Ill. App. 3d at 673-74. "Here, the evidence is even weaker than that presented in [In re A.J.H.], in that there was no testimony regarding the length of the alleged touching." In re E.R.E., 245 Ill. App. 3d at 673. The court also found the fact that the victim's underwear remained on diminished the inference of sexual intent. In re E.R.E., 245 Ill. App. 3d at 673.

This case is legally distinguishable from In re A.J.H. and In re E. R.E. In those cases, the more serious offense of *aggravated* criminal sexual abuse was at issue. Aggravated criminal sexual abuse is a Class 2 felony (720 ILCS 5/12-16(g) (West 2004)), punishable by not less than three or more than seven years in prison (730 ILCS 5/5-8-1(a)(5) (West 2004)). As noted, criminal sexual abuse is a less serious Class 4 felony, punishable by one to three years in prison. 730 ILCS 5/5-8-1(a)(7) (West 2004)).

The facts here are also materially different from those in In re A.J.H. and In re E.R.E. The victims' statements in those two cases suffered from inconsistencies and contradictions or were credibly refuted by the respondent. Here, the court found the victim's testimony to be credible and largely unimpeached. In In re A.J.H. and In re E.R.E., there was no evidence of sexual talk before, during or after the alleged touching. Crude sexual references were made throughout the events here. There was no evidence that the respondents in those cases touched their own genital areas during their contact with the victims, as did respondent here in trying to unzip his pants. Nor were the victims positioned in a sexually suggestive way as was the victim here. Nor was there evidence in In re A.J.H. and In re E.R.E. of the respondents acting as if they had done something wrong. Here, the attack ended with A.R. making the excuse, "we [were] just playing." The results in In re A.J.H. and In re E.R.E. do not control here.

Respondent next relies on In re Matthew K. where the trial court found a 12-year-old boy committed aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(2)(i) (West 2002)) of an 8-year-old girl. In re Matthew K., 355 Ill. App. 3d at 653. The victim said the respondent played a game with her in his bedroom after telling other children to leave the room. The boy had the

8

victim sit on his lap with her pants down. He touched her "privates," slid his finger "a little" into her vagina, gave her a "tongue massage" with his tongue, lifted her shirt and gave her a "belly massage." In re Matthew K., 355 Ill. App. 3d at 653-54. At the trial, a child psychiatrist deemed "eminently qualified" by the court, opined that the respondent was a socially inept 12-year-old whose motive in touching the victim was unclear. The doctor said his "strong opinion" was that the respondent had no interest in sexual gratification or arousal. In re Matthew K., 355 Ill. App. 3d at 654. Despite this evidence, the trial court found the respondent guilty. In re Matthew K., 355 Ill. App. 3d at 654. This court reversed the finding of the trial court, concluding that the intent of sexual gratification could not be inferred from these acts of the "socially deficient" boy. In re Matthew K., 355 Ill. App. 3d at 655.

In re Matthew K. is distinguishable. The facts there included a key element that is absent here—the testimony of an expert witness who held the "strong opinion" that intent of sexual arousal or gratification should not be attributed to the particular respondent. Here, there was no evidence, expert or otherwise, from which to draw the inference that respondent was most likely incapable of sexual intent.

Respondent cites two out-of-state cases to argue that his actions showed the intent to bully or humiliate another person, not to derive sexual gratification. Although out-of-state decisions are not binding on Illinois courts (Paulsen v. Cochran, 356 Ill. App. 3d 354, 363, 826 N.E.2d 526 (2005)), we consider them to assess the merit of respondent's claim that he lacked sexual intent.

In In re Kyle O., the Nebraska Appellate Court found that the State had failed to prove the

9

elements of third-degree sexual assault where the 14-year-old respondent pulled down the pants of a 5-year-old, grabbed the child's penis and showed other children "how small it was." In re Kyle O., 14 Neb. App. 61, 63, 703 N.W.2d 909, 911 (2005). The evidence included a letter from the respondent's counselor, who described him as "immature for his age" with little interest in sexual matters. In re Kyle O., 14 Neb. App. at 63-64, 703 N.W.2d at 912. The Nebraska court relied on In re A.J.H. and In re E.R.E. to support its conclusion. We believe In re Kyle O. is distinguishable. As we saw in In re Matthew K., the respondent in In re Kyle O. presented expert evidence that called into question whether he was sufficiently mature to infer that he sought sexual arousal or gratification from his acts. Respondent here presented no such evidence of his maturity, proximity to puberty or sexual awareness.

In In re Jerry M., a California case, the 11-year-old respondent was charged with felony lewd touching of the breasts of one 13-year-old and two 12-year-old girls. In re Jerry M., 59 Cal. App. 4th 289, 294, 69 Cal. Rptr. 2d 148, 150 (1997). The appellate court found the State failed to show that the respondent had the specific intent to arouse himself sexually by touching the girls. In re Jerry M., 59 Cal. App. 4th at 300, 69 Cal. Rptr. 2d at 154. The court found persuasive that the victims knew Jerry, his conduct was in public, during daytime in the presence of others, and there was no attempt or opportunity to avoid detection. In re Jerry M., 59 Cal. App. 4th at 300, 69 Cal. Rptr. 2d at 154. "The record shows Jerry was a brazen 11-year-old whose conduct was more consistent with an intent to annoy and obtain attention than with sexual arousal." In re Jerry M., 59 Cal. App. 4th at 300, 69 Cal. Rptr. 2d at 154.

Respondent's acts here go beyond mere bullying, annoying or attention-getting. A.R.'s

comment, "just kidding," under these circumstances does not suggest mere childish teasing of the victim. While the court in In re Jerry M. found that the public nature of the alleged lewd touching diminished its sexual overtones, the public nature of the group action here increases the perception that respondent sought sexual gratification. Here, the group of four boys, including respondent, began by separating the victim from her friends and blocking the entrance to her house. Their sexual references escalated from the slang term "buzz down" to cruder, more explicit references. Respondent forced the victim to the ground and his collaborator grabbed and spread her legs. Respondent took a turn at acting out a sexual assault as A.R. watched and the victim struggled. In fact, the only element missing from a successful prosecution for the more serious offense criminal sexual assault, a Class 1 felony, was penetration. See 720 ILCS 5/12-13 (West 2004). A Class 1 felony is punishable by not less than 4 or more than 15 years in prison. 730 ILCS 5/5-8-1(a)(4) (West 2004)). See also 720 ILCS 5/12-12(f) (West 2004) (" '[s]exual penetration' means any contact, however slight, between the sex organ *** of one person by an object").

We believe that sexual intent can be reasonably inferred from the circumstantial evidence in this case. The evidence supports the conclusion that the boys planned an attack of a sexual nature. There was undisputed evidence of aggression, not exploration that could be attributed to budding curiosity. There was sexually clear language normally associated with sexual arousal or gratification. There was evidence of an attempt at vaginal trauma. The trial court did not err in finding the State established the elements of criminal sexual abuse beyond a reasonable doubt.

Respondent next argues that the sex offender registration and notification scheme in the

Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2004)) as amended in 2006 is unconstitutional because it violates his due process and equal protection rights. Both the State and respondent agree that this argument is moot because of legislative action, eliminating the requirement that juveniles register as adults. See In re Rogelio S., 378 Ill. App. 3d 211, 212-13, (2007).

Respondent's final argument is that he should not have been found guilty of two counts of criminal sexual abuse and the dispositional order must be changed to reflect a single finding of delinquency. He argues that the count based on section 12-15(b) of the Code (720 ILCS 5/12-15(b) (West 2004)) ("the accused was under 17 years of age and *** a victim *** was at least 9 years of age but under 17 years of age") must be vacated because it is a lesser-included offense of the count based on section 12-15(a)(1) of the Code (720 ILCS 5/12-15(a)(1) (West 2004)) (the accused "commits an act of sexual conduct by the use of force"). Alternatively, respondent argues that the one-act, one-crime rule prohibits multiple convictions and sentences carved from the same physical act.

The State first argues that respondent forfeited this claim because he failed to raise it at trial, citing In re Ricardo A., 356 Ill. App. 3d 980, 994, 827 N.E.2d 894 (2005) (where a respondent did not raise a matter at trial it is waived unless the evidence was closely balanced or a fundamental error resulted in an unfair trial). Respondent acknowledges that he did not raise the issue at trial but argues that the matter should be reviewed as plain error because it affects substantial rights. The possibility of a future adverse effect on the respondent is one reason to review a respondent's claims despite waiver. In re W.C., 167 Ill. 2d 307, 342-43, 657 N.E.2d

908 (1995). In <u>In re W.C.</u>, our supreme court modified a dispositional order in a delinquency adjudication after concluding that the trial court erred in entering two counts of first-degree murder when only one death occurred. <u>In re W.C.</u>, 167 Ill. 2d at 342-43. The supreme court also noted the well-established rule that waiver is a limitation on the parties, not the reviewing court. <u>In re W.C.</u>, 167 Ill. 2d at 342. As did the supreme court in <u>In re W.C.</u>, we will review the issue because of the possible impact on respondent in the future.

Respondent argues that the supreme court's opinion in <u>In re W.C.</u> supports his claim that the dispositional order must be changed to reflect only one count of criminal sexual abuse because both counts were based on the single act of rubbing the victim's crotch. We agree. In <u>In re W.C.</u>, the 13-year-old respondent was held accountable for a murder committed by another person. <u>In re W.C.</u>, 167 Ill. 2d at 313-14. At an adjudicatory hearing, the trial court found the respondent delinquent based on two counts of first degree murder by accountability. <u>In re W.C.</u>, 167 Ill. 2d at 317. The trial judge said the two murder counts would be merged into a single finding of delinquency. <u>In re W.C.</u>, 167 Ill. 2d at 317. But the written dispositional order that followed the ruling showed that "commitment was based on two offenses of first degree murder." <u>In re W.C.</u>, 167 Ill. 2d at 317-18. The supreme court found the dispositional order to be incorrect: "[I]n the interests of justice and judicial economy, we believe the dispositional order should be modified to reflect that [the respondent's] commitment to the Department of Corrections was based only on a single offense of first degree murder. Such modification is in order to avoid the possibility of future confusion or adverse effect to [the] respondent." <u>In re W.C.</u>, 167 Ill. 2d at 343.

The State attempts to distinguish <u>In re W.C.</u> by arguing that the court there modified the

13

dispositional order only to correct an inconsistency between the trial court's oral pronouncements and its written order.  In re W.C., 167 Ill. 2d at 342-43.  The State argues that where there is no such inconsistency, multiple counts arising from the same physical act should be allowed because no prejudice results from the violation of the one-act, one-crime rule in juvenile proceedings, citing In re W.C., 167 Ill. 2d at 342, which cites In re Mareno, 43 Ill. App. 3d 556, 558, 357 N.E.2d 592 (1976).  The court in In re Mareno held: "upon the filing of the single petition for adjudication of wardship there could be but one finding of delinquency, even though predicated upon multiple offenses which may have arisen out of the same conduct."  In re Mareno, 43 Ill. App. 3d at 558.  The State also cites In Interest of S.D.S., 103 Ill. App. 3d 1008, 1015, 431 N.E.2d 759 (1982), for the proposition that a finding of "dual guilt" in a juvenile case is a mere technicality and not prejudicial.  In re S.D.S., 103 Ill. App. 3d at 1015.

We disagree that the modification of the dispositional order in In re W.C. served merely to correct a discrepancy between the court's oral pronouncement and its dispositional order.  Nor do we believe that the supreme court intended to establish that the appearance of two counts of criminal sexual abuse on the dispositional order in a juvenile adjudication is not prejudicial.  To the contrary, the supreme court's expansive language that "the interests of justice and judicial economy" required a modification of the dispositional order suggests a broader goal: "Such modification is in order to avoid the possibility of future confusion or adverse effect to [the] respondent."  In re W.C., 167 Ill. 2d 343.  We believe this reasoning requires modification of the dispositional order here to reflect a single finding of delinquency.

The State also argues that respondent was properly found guilty of two counts of criminal

14

sexual abuse because the victim reported at least two acts of sexual conduct, both with a rock. Although the victim testified that respondent poked her "about two times," there is nothing in the record to suggest that the court meant to rule that each poke corresponded to one count of criminal sexual abuse. Nothing in the record suggests that the parties or the court ever discussed the number of pokes. Nor does the record suggest that respondent's act of straddling the victim and touching his zipper formed one count of the offense and the act of poking the victim in the crotch with a rock formed a second count. We are not persuaded by the State's argument that each count corresponded to a separate act.

Having concluded that the evidence was sufficient to establish beyond a reasonable doubt that respondent acted for the purpose of sexual arousal or gratification, we affirm the judgment of the trial court but modify the dispositional order to reflect that the court's finding of delinquency was based on one offense of criminal sexual abuse.

Affirmed; dispositional order modified.

GARCIA, J., concurs.

JUSTICE WOLFSON, dissenting:

Criminal intent is rarely proved by direct evidence. In re Donald R., 343 Ill. App. 3d 237, 243 (2003). Instead, intent is ordinarily inferred from circumstantial evidence. In re Donald R., 343 Ill. App. 3d at 243. While a fact finder can generally infer an adult intended sexual gratification when touching a victim, it is not necessarily " 'justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult.' " In re Matthew K., 355 Ill. App. 3d 652, 655 (2005), quoting In re A.J.H., 210 Ill. App. 3d 65, 72 (1991). "The

15

fact finder must consider all of the evidence, including the offender's age and maturity, before deciding whether intent can be inferred. In re Matthew K., 355 Ill. App. 3d at 657.

The State contends the victim's uncontradicted testimony regarding the nature and circumstances surrounding the respondent's actions and A.R.'s statements to the victim allowed the trial court to properly infer the requisite intent under section 12-12(e). Our courts have been reluctant to infer a minor under the age of 13 intended to touch the victim for the purpose of sexual arousal or gratification based only on their actions. I would reverse the trial court's findings in this case.

In In re A.J.H., a 13-year-old girl was accused of criminal sexual abuse after touching a 5-year-old boy's penis while babysitting him. The victim said A.J.H. touched his penis, skin-to-skin, for four to five seconds and then told him not to tell anyone. In re A.J.H., 210 Ill. App. 3d at 67-68. The court rejected the State's argument that the evidence was sufficient to infer the requisite sexual intent, holding "it is not justified to impute the same intent into a child's actions that one could reasonably impute into the actions of an adult." In re A.J.H., 210 Ill. App. 3d at 72. Accepting the victim's allegations as true, the court held it could not reasonably infer the minor intended to sexually gratify or arouse herself or the victim through her actions. In re A.J.H., 210 Ill. App. 3d at 72. The minor's conviction was reversed.

In In re E.R.E., a 12-year-old boy was accused of aggravated criminal sexual abuse for touching the vagina of a 6-year-old girl. The victim said the minor had touched her "private parts" over her clothes, and told her not to tell anyone. Noting the evidence was weaker than that presented in In re A.J.H., the court reversed the trial court's adjudication and held the State failed

16

to prove beyond a reasonable doubt that the minor acted for sexual gratification. In re E.R.E., 245 Ill. App. 3d 669, 674 (1993).

In In re Matthew K., a 12-year-old boy was accused of aggravated criminal sexual abuse for touching the vagina of an 8-year-old girl. While the victim and the respondent were alone in the respondent's room, the victim sat on the respondent's lap after he told her they would "do massages." With the victim's pants down, the respondent touched the victim's vagina. The victim testified he slid his finger in "a little" but "not too much." When the victim told him it tickled, the respondent told her to cover her mouth. He then gave the victim a "tongue massage" by putting his mouth against hers and wiggling his tongue. He also lifted the victim's shirt and gave her a "belly massage." The victim did not notice anything unusual about the respondent, and he did not make any strange sounds, threaten her, or remove his own clothing. When some other children knocked at the door, the victim lifted up her underwear and the respondent opened the door. The respondent told the victim to keep the incident a secret. The victim's mother testified that the victim told her the respondent massaged the victim's "pee-pee" with his tongue and asked the victim to "suck his wiener." Dr. Kraus, a child psychologist, opined the respondent was a "socially deficient 12-year-old, maybe acting at the level of a 10-year-old, playing doctor with a 7-year-old."

The court held there was no evidence the respondent removed his clothing, breathed heavily, placed the victim's hand on his penis, or had an erection or any other observable signs of arousal. In re Matthew K., 355 Ill. App. 3d at 655. While the court recognized intent of sexual gratification may be proved with circumstantial evidence, it held the State failed to present

17

sufficient circumstantial evidence in this case. In re Matthew K., 355 Ill. App. 3d at 656. Because the respondent's age was close to the age of the minors in In re A.J.H. and In re E.R.E., the court held the inference of sexual gratification, without evidence of intent, was unreasonable. In re Matthew K., 355 Ill. App. 3d at 656-57. The respondent's conviction was reversed.

By contrast, in In re Donald R., a 16-year-old boy was accused of aggravated criminal sexual abuse and sexual exploitation of a child by exposing his penis to a 6-year-old girl and having her touch it. The court distinguished In re A.J.H. and In re E.R.E, noting the accused was 16 years of age rather than 12 or 13. In re Donald R., 343 Ill. App. 3d at 244. The court also noted the minor in In re Donald R. confessed to the actus reus of the crime, while the minors in In re A.J.H and In re E.R.E denied committing the act. In re Donald R., 343 Ill. App. 3d at 244.

I have examined other jurisdictions for a case where a 12-year-old was held to have acted for the purpose of sexual gratification or arousal under facts similar to this case. I have not found any. I would decline to be the first to do so. See In re Kyle O., 14 Neb. App. 61, 703 N.W.2d 909 (2005) (relying on In re Matthew K., the court held there was no evidence a 14-year-old boy touched the victim's penis for the purpose of sexual arousal or gratification, noting there was "no evidence that [the minor] was sexually aroused, and we are left looking to the circumstantial evidence in an attempt to glean [the minor's] intent."); In re T.S., 133 N.C. App. 272, 277, 515 S.E.2d 230 (1999) ("without some evidence of the child's maturity, intent, experience, or other factor in acting, sexual ambitions must not be assigned to a child's actions"); In re Jerry M., 59 Cal. App. 4th 289, 297 (1997) (court held there was no evidence an 11-year-old boy touched the victim's vagina for the purpose of sexual arousal, noting "the younger the minor the less likely his

18

acts are with the specific intent of sexual arousal"). Cf. In re Paul F., 221 Cal. App. 3d 43, 54 (1990) (victim's testimony that 13-1/2-year-old minor had an erection was substantial evidence of the minor's "lewd or lascivious intent"); In re Randy S., 76 Cal. App. 4th 400, 407-08 (1999) (Defendant, an 11-year-old boy, suggested his age should trump the other factors which must be considered in determining whether he touched his stepsister for a sexually motivated purpose. The court rejected his argument, noting that locking the door, admitting he placed his fingers in the victim's vagina, admitting knowing that he could be in trouble for sexually abusing the victim when his stepmother removed him from school, and attempting to evade the consequences of his actions demonstrated "he harbored the requisite intent to arouse his own sexual desires through the use of [the victim].")

Here, similar to In re A.J.H., In re E.R.E., and In re Matthew K., nothing in the record before us directly suggests the respondent touched the victim for the purpose of sexual gratification or arousal. I would find A.R. repeatedly asking the victim "are you sucking, or are you fucking" does not clearly indicate respondent's state of mind when he touched the victim. While the State urges us to infer intent from the nature of the respondent's actions, there was no evidence presented suggesting respondent had an erection or any other observable signs of arousal when he poked the victim's vagina twice with a rock. Nor did the State present any evidence of respondent's level of maturity or the extent of his life experience.

In light of the respondent's age at the time of the incident, I would find the trial court's inference of sexual gratification, without enough evidence of intent, was unreasonable. See In re A.J.H., 210 Ill. App. 3d at 72; In re E.R.E., 245 Ill. App. 3d at 674; In re Matthew K., 355 Ill.

19

1-06-1214

App. 3d at 656-57.

I respectfully dissent.