762 N.E.2d 1143 (2002)
326 Ill. App.3d 1094
261 Ill.Dec. 216
In re N.S., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. N.S., a Minor, Respondent-Appellant).
No. 4-00-0575.
Appellate Court of Illinois, Fourth District.
January 14, 2002.
*1144 Daniel D. Yuhas, Deputy Defender (Court-appointed), Robert N. Markfield, Asst. Defender, Office of State Appellate Defender, Springfield, for N.S.
Barney S. Bier, State's Attorney, Quincy, Norbert J. Goetten, Director, Robert J. Biderman, Deputy Director, State's Attorneys Appellate Prosecutor, for the People.
Presiding Justice McCULLOUGH delivered the opinion of the Court:
Respondent minor, N.S., appeals from the orders of the circuit court of Adams County finding her a delinquent minor and placing her on four years' probation conditioned on serving 30 days' detention in the Adams County Youth Home. The issue on appeal is whether the juvenile record should be modified to reflect that defendant was found to have committed only one attempt (aggravated battery). We affirm.
On April 17, 2000, the State filed a petition for adjudication of wardship alleging N.S. to be delinquent for having committed the offense of theft (720 ILCS 5/16-1(a)(1)(A) (West 1998)) of a hypodermic syringe from the Quincy Clinic. On May 11, 2000, the State amended the petition to allege two counts of attempt (aggravated battery) (720 ILCS 5/8-4(a), 12-4 (West 1998)). Both counts alleged that N.S. took a syringe filled with chemicals to Payson High School intending to inject or stab Casey Steffens. Count II alleged attempt (aggravated battery) based on the offense being committed on public property (720 ILCS 5/12-4(b)(8) (West 1998)), and count III alleged attempt (aggravated battery) based on an intent to do great bodily harm to Steffens (720 ILCS 5/12-4(a) (West 1998)).
N.S. admitted the allegation of theft. Following a hearing, the trial court found both counts of attempt (aggravated battery) to have been proved. The evidence established that N.S. brought the chemical-filled syringe to school intending to stab Steffens with it.
Here, the State does not contest that, had N.S. been convicted of the attempt offenses as an adult, she would have been sentenced on only one of those under the one-act, one-crime analysis adopted in People v. King, 66 Ill.2d 551, 560-66, 6 Ill.Dec. 891, 363 N.E.2d 838, 841-45 (1977) (concluding that prejudice occurs when a defendant is convicted of more than one offense arising from the same physical act). See People v. Rodriguez, 169 Ill.2d 183, 186, 214 Ill.Dec. 451, 661 N.E.2d 305, 306 (1996) ("[m]ultiple convictions are improper if they are based on precisely the same physical act"); People v. Crespo, No. 86556, slip op. at 3-9 (February 16, 2001), *1145 ___ Ill.2d ___, ___, ___ N.E.2d ___, ___, 2001 WL 135311 (applying the King rule to separate counts charging defendant with offenses arising out of the same conduct under different theories of culpability). Instead, the State argues that the one-act, one-crime analysis should not be applied in a juvenile proceeding.
In In re W.C., 167 Ill.2d 307, 342-43, 212 Ill.Dec. 563, 657 N.E.2d 908, 925-26 (1995), in spite of the issue not being raised in the trial court, the Supreme Court of Illinois applied that rule in a juvenile delinquency context "to avoid the possibility of future confusion or adverse effect to respondent." Defendant asks that, similar to what the supreme court did in W.C., we modify the dispositional order to reflect that it was based on a single offense of attempt (aggravated battery). The State correctly notes that, unlike W.C., in this case the dispositional order does not specifically refer to any offense that N.S. was found to have committed. Irrespective of the fact that the State provided evidence from which the trial court could find proved the allegations of multiple offenses, there is but a single adjudication of delinquency and no resultant prejudice to the minor. See In re Mareno, 43 Ill.App.3d 556, 558, 2 Ill.Dec. 425, 357 N.E.2d 592, 594 (1976). In addition, there is only one dispositional order that does not subject the minor to a greater punishment by reason of a finding of multiple offenses. See In re S.D.S., 103 Ill.App.3d 1008, 1015, 59 Ill.Dec. 258, 431 N.E.2d 759, 764-65 (1982).
In W.C., the corrective action was necessitated by the improper inclusion in the dispositional order committing the minor to the Department of Corrections of references to two counts of first degree murder in spite of the trial court's observation that they had merged for a finding of delinquency. W.C., 167 Ill.2d at 342, 212 Ill. Dec. 563, 657 N.E.2d at 926. Here, even though the trial court found in the adjudicatory order that multiple allegations of delinquency had been proved by the State, the dispositional order does not refer to any of the charges and avoids the technical error that occurred in W.C. The dispositional order in this case does not state that it was imposed on multiple offenses that arose from the same conduct. No modification or correction is needed.
The judgment of the circuit court of Adams County is affirmed.
Affirmed.
COOK and STEIGMANN, JJ., concur.