THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM C. PRICE, Defendant-Appellant.

Third District    No. 3—91—0567

Opinion filed March 12, 1992.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The trial court convicted the defendant, William C. Price, of two counts of official misconduct (Ill. Rev. Stat. 1989, ch. 38, par. 33—3). It thereafter sentenced him to a term of 18 months' probation. He appeals, and we affirm in part and vacate in part.

The defendant raises three issues on appeal. He initially argues that count I of his indictment was defective since it failed to identify

any statute, law, or regulation he was alleged to have violated. In addition, he contends that one of his two convictions should be vacated under the principle of one act, one crime, since both offenses were based on the same conduct.

■ The State concedes that both charges were predicated upon the defendant's conduct of possessing and using a handgun to shoot a hog in a meat packing plant. As such, citing its prosecutorial discretion as to which conviction should be vacated, it asks this court to vacate the defendant's conviction that was based on count I.

We agree with the defendant and the State that the two convictions were based upon the same conduct. As such, we vacate the defendant's conviction of official misconduct as alleged in count I of the indictment. (See *People v. Ellis* (1986), 143 Ill. App. 3d 892, 493 N.E.2d 739 (multiple convictions based upon the same physical act or acts cannot stand).) We note that our disposition of count I renders the defendant's first argument moot.

The defendant also argues that he was not proven guilty of official misconduct beyond a reasonable doubt because the evidence did not show that he knew he was violating any law by possessing a gun and shooting a hog in the course of his official duties.

The record shows that the defendant testified that he had worked for the State of Illinois since 1974 as a meat inspector. Part of his job was to inspect hogs to see if they had any disease that would make them unfit for human consumption. He stated that all hogs, whether diseased or not, were killed by being shocked and then having their throats slit.

He also stated that sometime in the first week of October 1990, he shot a diseased hog. He used a .22 caliber pistol to shoot the hog and he fired about four to five shots into the hog's head. However, the hog did not die, so the plant employees shocked it and slit its throat.

The defendant further testified that he did not realize he was violating any law by shooting the hog and he was not aware of any regulation prohibiting an inspector from using a gun to kill an animal. He admitted he was given a manual which set forth the State and Federal regulations he was to follow in the course of his employment. He also acknowledged that he was responsible for knowing the manual's contents.

Other evidence showed that the manual contained a regulation which prohibited inspectors from carrying firearms while performing their official duties. The manual also set forth the proper procedure for slaughtering animals. It stated that the slaughtering was to be

done by plant employees in a humane manner, that is, the animal was to be rendered unconscious before being killed.

In addition, the evidence showed that new or amended regulations were regularly sent to the regional offices for distribution to the individual inspectors. Each inspector was required to keep a copy of the manual in his car and was required to follow all the regulations set forth in the manual.

The evidence regarding the exact date the regulation in question was enacted is conflicting; however, the defendant admitted that the regulation had been in effect since at least 1978. He also stated that he did not remember receiving the regulation in question, but admitted it could have been in his manual and he just never read it. He noted that he had never shot a hog before, since it was the plant employees' responsibility to dispose of diseased animals. In addition, he stated that in the course of his employment with the State he had never seen an inspector kill an animal as part of his employment.

Citing *People v. Samel* (1983), 115 Ill. App. 3d 905, 451 N.E.2d 892, the defendant argues on appeal that the State had to prove actual knowledge in order to show the mental state necessary to secure a conviction for official misconduct. *Samel* held that the maxim that a party is presumed to know the law has no application to official misconduct proceedings under section 33—3 (Ill. Rev. Stat. 1989, ch. 38, par. 33—3). As such, the defendant contends that since he did not know it was against the law to carry a firearm in the course of his official duties, he did not have the requisite mental state to be proven guilty of that crime.

██ ██ A public officer or employee commits misconduct when, in his official capacity, he knowingly performs an act which he knows he is forbidden by law to perform. (Ill. Rev. Stat. 1989, ch. 38, par. 33—3(b).) When faced with a challenge to the sufficiency of the evidence in a criminal case, the function of a reviewing court is to determine whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) The determination of whether the defendant acted with the requisite intent is for the trier of fact. Intent may be inferred from the actions of the accused, as well as the surrounding circumstances. When the facts in a case give rise to more than one inference, a reviewing court shall not substitute its judgment for that of the trier of fact unless the inference accepted by the trier of fact is inherently impossible or unreasonable. (*People v. Wehrwein* (1990), 209 Ill. App. 3d 71, 568 N.E.2d 1.) Furthermore,

the mental state of knowledge is ordinarily proven by circumstantial evidence as opposed to direct proof. *People v. Sedlacko* (1978), 65 Ill. App. 3d 659, 382 N.E.2d 363.

Here, viewing the evidence in the light most favorable to the prosecution, we find from the circumstances surrounding the case that a rational trier of fact could have concluded beyond a reasonable doubt that the defendant knew his actions were against the law. We note the trial judge specifically found that the defendant had the requisite intent. He stated:

> "I believe that I would have to throw away all my sense of common knowledge and experience in life to say that Mr. Price did not know that he was performing these acts, not knowing he was forbidden by law to do so. All the evidence that I have heard and reasonable inferences that I have made from that evidence indicates in my opinion beyond a reasonable doubt that he was aware of the fact from his regulations of being an employee for 15 years that he could not conduct himself in the manner that was alleged ***."

We do not find the trial court's determination to be unreasonable. Although the defendant testified that he did not know about the regulation, it could be inferred from other evidence that he did know about it.

The regulation had been in effect since at least 1978 and the defendant was required to know the contents of his manual. In addition, he testified that during his 15 years of employment no other inspector had ever shot an animal, nor had he ever shot a hog before. Furthermore, he was aware of the proper slaughtering procedure and that the procedure certainly did not allow for inspectors to shoot hogs with a .22 caliber pistol.

Accordingly, the defendant's conviction based on count II of the indictment is affirmed. The conviction based on count I is vacated.

The judgment of the circuit court of Peoria County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

HAASE and McCUSKEY, JJ., concur.