No. 2--03--1335   

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In re
 MATTHEW K., a Minor ) Appeal from the Circuit Court

) of Lake County.

)

) No. 02--JD--764

)            

(The People of the State of Illinois, ) ) Honorable

Petitioner-Appellee, v. Matthew K., ) Brian P. Hughes,

Respondent-Appellant). ) Judge, Presiding.

______________________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Matthew K., a minor, appeals the trial court's adjudication of delinquency and wardship after finding Matthew guilty of two counts of aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(2)(i) (West 2002)), and sentencing him to 24 months' probation and registration as a sex offender (730 ILCS 150/2, 3 (West 2002)).  We reverse and remand for a new dispositional hearing.

The facts are taken from the record.  On April 13, 2004, the State filed a petition for wardship charging Matthew K. with having committed sex-related offenses against sisters Allena L. and Madeline L. between September 23, 2002, and October 4, 2002.  Matthew was acquitted of the charged offenses against Madeline because she was too young to competently testify.  At the bench trial on the charged offenses against Allena, the State presented evidence that, at the time of the alleged offenses, Matthew was 12 and Allena was 8 years old.  Allena testified that, on one occasion, she and Matthew were in Matthew's bedroom playing a game they called "survival."  Matthew set the rules for the game and told the other children present to leave and return in five minutes.  While Allena and Matthew were alone in Matthew's room, Allena sat on Matthew's lap and Matthew told Allena that they would "do massages."  With Allena's pants down, Matthew touched Allena's "privates."  Matthew slid his finger in "a little" but "not too much."  When Allena told Matthew that it tickled, Matthew told her to cover her mouth.  Then Matthew gave Allena a "tongue massage" by putting his mouth to her mouth and wiggling his tongue.  Matthew also lifted Allena's shirt and gave Allena a belly massage.  Allena did not notice anything unusual about Matthew, and Matthew did not make any special sounds, threaten Allena, or remove his own clothing.  Matthew told Allena to keep the incident a secret.  At that point, the other children knocked on the door, Allena lifted up her underwear, and Matthew opened the door.  That night, Allena told her parents about the incident.

Allena's mother testified that Allena told her that after locking the door to his bedroom, Matthew massaged Allena's "pee-pee" with his tongue and asked Allena to "suck his wiener."

Chief of child psychiatry at Rush-Presbyterian-St. Luke's Hospital, Louis Kraus, M.D., was deemed "eminently qualified" by the trial court.  Dr. Kraus testified that Matthew was socially immature, had few friends, and had trouble keeping up with his peers.  Matthew had a difficult time at summer camp where the other kids talked about sexual experiences and ridiculed Matthew.  Matthew participated in some consensual petting at camp, but felt very uncomfortable with the situation.  Regarding the charged offenses, Matthew told Dr. Kraus that he rubbed Allena's back, kissed her with his tongue for 10 to 15 seconds, reached into her pants, and put his hand on her vagina for 10 or 15 seconds but did not insert his finger.  Matthew denied locking the door but admitted that he told Allena not to tell anyone about the incident.  Matthew told Dr. Kraus that he did not know what his motivation was, but that it was not about sexual arousal or ejaculation.  Matthew said that he wanted to see what it felt like.  Dr. Kraus testified that he found no evidence that Matthew sexually gratified or attempted to sexually gratify himself or Allena.  Dr. Kraus's "strong opinion to a reasonable degree of medical certainty" was that  Matthew had no interest in becoming sexually aroused.  Dr. Kraus explained, "it was simply a brief, socially inept *** behavior that occurred."  Matthew's actions could be better understood as those of a 10-year-old rather than a 12-year-old.

During closing argument, counsel for Matthew argued that the State failed to prove that Matthew acted with the purpose of sexual gratification or arousal.  Due to the lack of evidence regarding this element, counsel asked for a finding on the lesser included offense of battery (720 ILCS 5/12--3(a)(2) (West 2002)).

The trial court found Matthew guilty of two counts of aggravated criminal sexual abuse as to Allena.  The trial court denied Matthew's motion to reconsider the finding and reopen proofs.  This timely appeal followed.

On appeal, Matthew argues that the State failed to prove beyond a reasonable doubt that Matthew acted with the intent to sexually gratify or arouse.  Due to the lack of evidence as to this essential element, we agree with Matthew.

It is well settled that the State has the burden to prove every element of an offense beyond a reasonable doubt.  Matthew was found guilty of aggravated criminal sexual abuse under section 12--16(c)(2)(i), which provides in pertinent part:

"The accused commits aggravated criminal sexual abuse if:

*** 

*** the accused was under 17 years of age and (i) commits an act of

sexual conduct
 with a victim who was under 9 years of age when the act was 

committed[.]" (Emphasis added.)  720 ILCS 5/12--16(c)(2)(i) (West 2002). 

Sexual conduct is defined in pertinent part as an "intentional or knowing touching or fondling *** for the purpose of sexual gratification or arousal of the victim or the accused."  720 ILCS 5/12--12(e) (West 2002).  When the accused is an adult, a fact finder can infer that an accused intended sexual gratification.  However, "it is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult."  
In re A.J.H.
, 210 Ill. App. 3d 65, 72 (1991).  The standard of review in a challenge to the sufficiency of the evidence is whether, when considering all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
People v. Hurtado-Rodriguez,
 326 Ill. App. 3d 76, 84 (2001). 
 We will not substitute our judgment for the judgment of the trier of fact unless the judgment was inherently implausible or unreasonable.   
In re Donald R.
, 343 Ill. App. 3d 237, 244 (2003).

In this case, Matthew was found guilty of counts VII and VIII: fondling the victim's vagina and placing his tongue on the victim's mouth.  However, the State presented no evidence that Matthew acted with the purpose of sexual gratification.  The victim testified that she noticed nothing unusual when Matthew touched her.  There was no evidence that Matthew removed his clothing, breathed heavily, placed the victim's hand on his penis, or had an erection or any other observable signs of arousal.  Further, child psychiatrist Dr. Kraus, whom the trial court found to be "eminently qualified," opined that Matthew did not act with the intent to sexually gratify himself or the victim.  Rather, Dr. Kraus opined that Matthew was "a socially deficient 12-year-old, maybe acting at the level of a 10-year-old, playing doctor with a 7-year-old."  Although the trier of fact was free to ignore Dr. Kraus's testimony, the State presented no evidence that contradicted it.  In light of the State's lack of evidence of intent, no rational trier of fact could have found beyond a reasonable doubt that Matthew acted with the purpose of sexual gratification or arousal.  We recognize that intent of sexual gratification may be proven with circumstantial evidence.  See 
People v. C.H.
, 237 Ill. App. 3d 462 (1992).  However, we do not believe that the State presented sufficient circumstantial evidence in this case. 

Despite our holdings in 
A.J.H
. and
 
In re  E.R.E.
, 245 Ill. App. 3d 669 (1993), the State now urges us to hold that the trier of fact in this case reasonably inferred intent of sexual gratification.  The State cites  
In re Donald R.
 to support its argument.  We believe that the facts in this case are more similar to those in 
A.J.H
. and 
E.R.E
 than to those in 
Donald R.
 

In 
A.J.H.
, a 13-year-old girl was accused of aggravated criminal sexual abuse for touching the penis of a 5-year-old boy for whom she baby-sat.  The victim testified that the minor had touched his penis, skin-to-skin, for four to five seconds and then told him not to tell anyone.  
A.J.H.
, 210 Ill. App. 3d at 67-68.  The State argued in 
A.J.H.
, as it does here, that the above evidence was sufficient to infer the requisite sexual intent.  We rejected that claim, reasoning that "it is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult."  
A.J.H.
, 210  Ill. App. 3d at 72.

In 
E.R.E.
, a 12-year-old boy was accused of aggravated criminal sexual abuse for touching the vagina of a 6-year-old girl.  The victim testified that the minor had touched her "private parts" over her clothes, and then told her not to tell anyone.  Stating that the evidence was weaker than that presented in 
A.J.H.
, we reversed the trial court's adjudication and held that the State failed to prove the sexual gratification element beyond a reasonable doubt.  
E.R.E.
, 245 Ill. App. 3d at 674.  

In 
Donald R.
, the case cited by the State to support its argument, a 16-year-old boy was accused of  aggravated criminal sexual abuse and sexual exploitation of a child by exposing his penis to a 6-year-old girl and having her touch his penis.  
Donald R.
, 343 Ill. App. 3d at 241.   

Because Matthew's age is closer to the minors in 
A.J.H.
 and
 E.R.E.
 than to the minor in 
Donald R.
, we believe that 
A.J.H.
 and 
E.R.E.
 have greater applicability.  In 
Donald R.
, the minor was 16 years old, significantly closer to adulthood than the 12- and 13-year-old offenders in 
A.J.H.
, 
E.R.E.
, and this case.  Thus, an inference of sexual gratification was reasonable in 
Donald R.
, while the same inference, without any evidence of intent, is unreasonable here.  As our analysis of these cases implies, the issue of intent of sexual gratification in minors must be determined on a case-by-case basis.  There can be no bright-line test.  The fact finder must consider all of the evidence, including the offender's age and maturity, before deciding whether intent can be inferred. 

In this case, the State failed to prove an essential element of the offense and, thus, failed to prove Matthew guilty beyond a reasonable doubt of aggravated criminal sexual abuse.  Exercising our power in accordance with Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615 (b)(3)), we reduce the convictions to two counts of the lesser included offense of battery (720 ILCS 5/12--3(a)(2) (West 2002)) and remand for resentencing.

Because we have determined that the trial court erred by finding Matthew guilty of aggravated criminal sexual abuse, we need not address his other arguments on appeal.

The judgment of the circuit court of Lake County is reversed and the cause is remanded for a new dispositional hearing.

Reversed and remanded for a new dispositional hearing.

BYRNE, J., concurs.

JUSTICE GILLERAN JOHNSON, dissenting: 

I respectfully dissent.  The evidence in this case supports that the respondent, while he was  12 years of age, committed an act of sexual conduct with the victim, while she was 8 years of age.  See 720 ILCS 5/12--16(c)(2)(i) (West 2002).  Sexual conduct is defined as any intentional or knowing touching or fondling by the victim or the accused, of the sex organs, anus, or breasts of the victim or the accused, for the purpose of sexual gratification or arousal of the victim or the accused.   720 ILCS 5/12--12(e) (West 2002).  Contrary to what the majority has concluded, the respondent here clearly touched the victim's vagina for the purpose of sexual gratification.  

Several key facts, which the majority has either glossed over or omitted, are pertinent to the resolution of this case.  The victim testified that she, the respondent, and some other children were in the respondent's bedroom playing a game called "survival."  The respondent set the rules for the game.  He instructed the other children to leave the room for five minutes.  He then closed his bedroom door and locked himself and the victim inside.  He told the victim that instead of playing the game, they would give massages.  The respondent instructed the victim to pull her pants and underwear down a little.  When the victim did so, the respondent slid his hand under the victim's pants and underwear and placed his hand on the victim's vagina.  The victim stated to the respondent that it tickled and the respondent told her to cover her mouth.  The respondent then gave the victim a "tongue massage" and a "belly massage."  When the other children tried to get back into the room, the respondent told them it was not time yet.  Before letting the other children back inside the room, the respondent instructed the victim to keep the incident a secret.  On a later date, the respondent  attempted another act of a sexual nature with the victim.  He asked the victim to "suck his pee-pee."  However, the victim told the respondent no.   

The victim's mother, Christine, testified that the victim had told her what the respondent had done.  The victim told Christine that while she was in the respondent's bedroom playing a game of  "survival," the respondent had massaged and licked her vagina.  The victim also told Christine that similar incidents had occurred on other occasions.  One of these occasions occurred on the respondent's driveway.      

Dr.  Kraus testified that he examined the respondent.  The respondent was a healthy A/B student.  He was musically inclined and had no history of behavioral problems.  On standardized testing, the respondent scored in the 90th percentile and above.  However, Dr. Kraus believed that the respondent was socially immature for his age.  Dr. Kraus explained that the respondent attended a summer camp the past summer.  The respondent enjoyed the camp for the most part but at times felt uncomfortable.  Other children at camp sometimes talked about having sexual encounters.  The other children at camp ridiculed the respondent about his lack of knowledge of and experience with sex.  The respondent met a girl at summer camp, whom he kissed and petted.  The respondent told Dr. Kraus that he felt awkward with the girl.  The respondent admitted to Dr. Kraus that he had committed several acts of touching and fondling with the victim and the victim's sister.  When Dr. Kraus asked the respondent why he had done what he had done, the respondent stated that he "was seeing what it felt like."

After hearing the above evidence, the trial court determined that the respondent had performed the alleged acts with the intent of sexual gratification.  The trial court placed great emphasis on the fact that the respondent's acts were multiple.  The trial court also placed great weight on the respondent's experience at summer camp.  Specifically, the trial court found:

"[S]o I have a 12-year-old who's been exposed to sexual behavior, petting, kissing, who later in the year meets up with some neighbor kids and decides to play this game, and you know, clearly, maybe it could be argued once that this was innocent, that things started to happen that weren't intended; but when the game's played again so that the other minor children are directed out of the room, so that [the respondent] can engage in this type of physical conduct, it corroborates that what he did was for sexual gratification.        

I have the numerous types of contact.  It was multiple in nature.  Clearly, he knew what he was doing was wrong.  It's not, as Dr. Kraus, indicated, he's a socially deficient 12-year-old, playing doctor with a 7-year-old.  It's past that; that coupled with his statement, "I  wanted to see what it felt like.

But based on all of that, I feel there is evidence--it's circumstantial, but clearly this was more than just an investigation of another person's body to check out the female anatomy, and unfortunately that's my ruling today."    

    The 
mens
 
rea
 or intent element of a crime can rarely be proved by direct evidence.  
People v. Sanchez
, 292 Ill. App. 3d 763, 771 (1997).  Rather, the 
mens
 
rea
 element is generally inferred from circumstantial evidence. 
 
People v. Holt
, 271 Ill. App. 3d 1016, 1025 (1995); 
People v. Price
, 225 Ill. App. 3d 1032, 1035 (1992).  In particular, the 
mens
 
rea
 element of criminal sexual abuse, a  defendant's purpose of sexual gratification, can be inferred from circumstantial evidence.  
People v. C.H.
, 237 Ill. App. 3d 462, 472 (1992).  Whether a defendant acted with the requisite state of mind is a question for the trier of fact to determine.  
People v. Wehrwein
, 209 Ill. App. 3d 71, 81 (1990).  
An appellate court shall not substitute its judgment for the judgment of the trier of fact, unless that judgment was inherently implausible or unreasonable.  
Price
, 225 Ill. App. 3d at 1035. 

The trial court's judgment in this case was not implausible or unreasonable.  The respondent admitted that he performed the alleged acts.  This fact alone creates an inference that the respondent performed the acts with the purpose of sexual gratification.  Contact between a defendant's finger and a victim's vagina is touching of a sexual nature.  Generally, such contact sufficiently implies that a defendant was motivated by sexual gratification.  
People v. Kolton
, 347 Ill. App. 3d 142, 148 (2004).  However, in addition to this inference, several more pieces of evidence point to the respondent being motivated by sexual gratification.    

One, the respondent
 explained to Dr. Kraus that he performed the alleged acts because he was curious about sex and wanted to see what contact of a sexual nature felt like.  The respondent
's curiosity was not as innocent as the majority portrays.  The respondent
 had experienced some sexual contact at summer camp.  One could certainly infer, as did the trial court, that the respondent
 had enjoyed the sexual contact he experienced at summer camp and wanted to experience it again.  

Additionally, the respondent
 knew that what he was doing was wrong.  The respondent
 locked the door.  He told the victim to cover her mouth while he was touching her.  Afterwards, he instructed the victim not to tell anyone what had happened.  Moreover, after his first encounter with the victim, the respondent attempted another act of sexual conduct.  

Finally, the fact that the respondent's conduct here was intentional and not accidental is very important.  The Illinois Supreme Court explained in 
People v. Terrell
, 132 Ill. 2d 178, 210 (1998), the rationale behind the element of intent of sexual arousal or gratification.  Specifically, the 
Terrell
 court explained that the element of intent of sexual arousal or gratification was inherent in the definition of sexual penetration.  
Terrell
, 132 Ill. 2d at 210.  The 
Terrell
 court further explained that the legislature required the element of intent of sexual arousal or gratification in the offense of  criminal sexual abuse in order to exclude touching of an accidental or unintentional nature.  
Terrell
, 132 Ill. 2d at 210.  As is clear, the record is replete with evidence from which a reasonable trier of fact could infer the requisite intent of the charged offense.  

In ruling otherwise, the majority relies on two cases, 
In re E.R.E.
, 245 Ill. App. 3d 669 (1993), and 
In re A.J.H.
, 210 Ill. App. 3d 65 (1991), that are readily distinguishable from the present case.   In both 
E.R.E.
 and 
A.J.H.
, the respondents were 12 and 13, approximately the same age as the respondent here.  
E.R.E.
, 245 Ill. App. 3d at 670; 
A.J.H.
, 210 Ill. App. 3d at 66.  However, besides that one fact, the present case is very different from 
E.R.E.
 and 
A.J.H.
  First, in 
E.R.E.
 and 
A.J.H.
, the State failed to introduce any evidence as to the mindset or motivation of the respondents.  See generally 
E.R.E.
, 245 Ill. App. 3d 669; 
A.J.H.
, 210 Ill. App. 3d 65.  However in this case, as noted above, there were several key facts introduced that indicated that the respondent performed his acts with the intent of sexual gratification, most notably the respondent's admission that he wanted to see how the acts felt.  Also, in both 
E.R.E.
 and 
A.J.H.
, the respondents denied performing the alleged acts.  
E.R.E.
, 245 Ill. App. 3d 669; 
A.J.H.
, 210 Ill. App. 3d 65.  However, the respondent here admitted what he had done.   By ignoring these differences, the majority seemingly creates a bright-line rule that minors cannot form the requisite intent to commit criminal sexual abuse.  

Such a bright-line rule would be preposterous.  In 
In re Donald R.
, 343 Ill. App. 3d 237 (2003), the Appellate Court, Third District, recognized this and departed from 
E.R.E.
 and 
A.J.H.
   The court upheld the respondent's adjudication for sexual exploitation of a child, reasoning that it was not implausible for the trier of fact to infer from the circumstances that a 16-year-old boy exposed his penis to a 6-year-old girl for the purpose of sexual gratification.  
Donald
, 343 Ill. App. 3d at 244.  Justice Holdridge, in his special concurrence, warned against adopting an inflexible rule that assumes that all minors have noncriminal reasons for engaging in conduct involving the touching or exposure of sex organs.  
Donald
, 343 Ill. App. 3d at 247-48 (Holdridge, J., specially concurring).  He urged that courts consider the particular facts of each case and apply a case-by-case approach.  
Donald
, 343 Ill. App. 3d at 248 (Holdridge, J., specially concurring).

In sum, the particular facts in the instant case create an inference that the respondent acted with the intent of sexual gratification.  In erroneously determining otherwise, the majority failed to address the respondent's remaining contentions, which include the issue of the constitutionality of the Illinois Sex Offender Registration Act as it pertains to minors.  I therefore dissent from the majority's disposition
.