Criminal intent is rarely proved by direct evidence. In re Donald R.,343 Ill. App. 3d 237, 243 (2003). Instead, intent is ordinarily inferred from circumstantial evidence. In re Donald R.,343 Ill. App. 3d at 243. While a fact finder can generally infer an adult intended sexual gratification when touching a victim, it is not necessarily "`justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult.'" In reMatthew K., 355 Ill. App. 3d 652, 655 (2005), quoting In re A.J.H.,210 Ill. App. 3d 65, 72 (1991). "The fact finder must consider all of the evidence, *Page 748 
including the offender's age and maturity, before deciding whether intent can be inferred." In re Matthew K., 355 Ill. App. 3d at 657.
The State contends the victim's uncontradicted testimony regarding the nature and circumstances surrounding the respondent's actions and A.R.'s statements to the victim allowed the trial court to properly infer the requisite intent under section 12-12(e). Our courts have been reluctant to infer a minor under the age of 13 intended to touch the victim for the purpose of sexual arousal or gratification based only on their actions. I would reverse the trial court's findings in this case.
In In re A.J.H., a 13-year-old girl was accused of criminal sexual abuse after touching a 5-year-old boy's penis while babysitting him. The victim said A.J.H. touched his penis, skin-to-skin, for four to five seconds and then told him not to tell anyone. In re A.J.H.,210 Ill. App. 3d at 67-68. The court rejected the State's argument that the evidence was sufficient to infer the requisite sexual intent, holding "it is not justified to impute the same intent into a child's actions that one could reasonably impute into the actions of an adult." In reA.J.H., 210 Ill. App. 3d at 72. Accepting the victim's allegations as true, the court held it could not reasonably infer the minor intended to sexually gratify or arouse herself or the victim through her actions. Inre A.J.H., 210 Ill. App. 3d at 72. The minor's conviction was reversed.
In In re E.R.E., a 12-year-old boy was accused of aggravated criminal sexual abuse for touching the vagina of a 6-year-old girl. The victim said the minor had touched her "private parts" over her clothes and told her not to tell anyone. Noting the evidence was weaker than that presented in In re A.J.H., the court reversed the trial court's adjudication and held the State failed to prove beyond a reasonable doubt that the minor acted for sexual gratification. In re E.R.E.,245 Ill. App. 3d 669, 674 (1993).
In In re Matthew K., a 12-year-old boy was accused of aggravated criminal sexual abuse for touching the vagina of an 8-year-old girl. While the victim and the respondent were alone in the respondent's room, the victim sat on the respondent's lap after he told her they would "`do massages.'" In re Matthew K., 355 Ill. App. 3d at 653. With the victim's pants down, the respondent touched the victim's vagina. The victim testified he slid his finger in "`a little'" but "`not too much.'"355 Ill. App. 3d at 653. When the victim told him it tickled, the respondent told her to cover her mouth. He then gave the victim a "`tongue massage'" by putting his mouth against hers and wiggling his tongue. 355 Ill. App. 3d at 654. He also lifted the victim's shirt and gave her a "belly massage." 355 Ill. App. 3d at 655. The victim did not notice anything unusual about the respondent, and he *Page 749 
did not make any strange sounds, threaten her, or remove his own clothing. When some other children knocked at the door, the victim lifted up her underwear and the respondent opened the door. The respondent told the victim to keep the incident a secret. The victim's mother testified that the victim told her the respondent massaged the victim's "`pee-pee'" with his tongue and asked the victim to "`suck his wiener.'"355 Ill. App. 3d at 654. Dr. Kraus, a child psychologist, opined the respondent was a "`socially deficient 12-year-old, maybe acting at the level of a 10-year-old, playing doctor with a 7-year-old.'"355 Ill. App. 3d at 655.
The court held there was no evidence the respondent removed his clothing, breathed heavily, placed the victim's hand on his penis, or had an erection or any other observable signs of arousal. In re Matthew K.,355 Ill. App. 3d at 655. While the court recognized intent of sexual gratification may be proved with circumstantial evidence, it held the State failed to present sufficient circumstantial evidence in this case.In re Matthew K., 355 Ill. App. 3d at 656. Because the respondent's age was close to the age of the minors in In re A.J.H. and In re E.R.E., the court held the inference of sexual gratification, without evidence of intent, was unreasonable. In re Matthew K., 355 Ill. App. 3d at 656-57. The respondent's conviction was reversed.
By contrast, in In re Donald R., a 16-year-old boy was accused of aggravated criminal sexual abuse and sexual exploitation of a child by exposing his penis to a 6-year-old girl and having her touch it. The court distinguished In re A.J.H. and In re E.R.E., noting the accused was 16 years of age rather than 12 or 13. In re Donald R.,343 Ill. App. 3d at 244. The court also noted the minor in In re DonaldR. confessed to the actus reus of the crime, while the minors in In reA.J.H. and In re E.R.E. denied committing the act. In re Donald R.,343 Ill. App. 3d at 244.
I have examined other jurisdictions for a case where a 12-year-old was held to have acted for the purpose of sexual gratification or arousal under facts similar to this case. I have not found any. I would decline to be the first to do so. See In re Kyle O., 14 Neb. App. 61,703 N.W.2d 909 (2005) (relying on In re Matthew K., the court held there was no evidence a 14-year-old boy touched the victim's penis for the purpose of sexual arousal or gratification, noting there was "no evidence that [the minor] was sexually aroused, and we are left looking to the circumstantial evidence in an attempt to glean [the minor's] intent"); Inre T.S., 133 N.C. App. 272, 277, 515 S.E.2d 230, 233 (1999) ("without some evidence of the child's maturity, intent, experience, or other factor *** in acting, sexual ambitions must not be assigned to a child's actions"); In re Jerry M., 59 Cal. App. 4th 289, 300, *Page 750 69 Cal. Rptr. 2d 148, 154 (1997) (court held there was no evidence an 11-year-old boy touched the victim's vagina for the purpose of sexual arousal, noting "the younger the minor the less likely his acts are with the specific intent of sexual arousal"). Cf. In re Paul C.,221 Cal. App. 3d 43, 54, 270 Cal. Rptr. 369, 376 (1990) (victim's testimony that 13½-year-old minor had an erection was substantial evidence of the minor's "lewd or lascivious intent"); In re Randy S.,76 Cal. App. 4th 400, 407-08, 90 Cal. Rptr. 2d 423, 428 (1999) (Defendant, an 11-year-old boy, suggested his age should trump the other factors which must be considered in determining whether he touched his stepsister for a sexually motivated purpose. The court rejected his argument, noting that locking the door, admitting he placed his fingers in the victim's vagina, admitting knowing that he could be in trouble for sexually abusing the victim when his stepmother removed him from school, and attempting to evade the consequences of his actions demonstrated "he harbored the requisite intent to arouse his own sexual desires through the use of [the victim]").
Here, similar to In re A.J.H., In re E.R.E., and In re Matthew K., nothing in the record before us directly suggests the respondent touched the victim for the purpose of sexual gratification or arousal. I would find A.R. repeatedly asking the victim "are you sucking, or are you fucking" does not clearly indicate respondent's state of mind when he touched the victim. While the State urges us to infer intent from the nature of the respondent's actions, there was no evidence presented suggesting respondent had an erection or any other observable signs of arousal when he poked the victim's vagina twice with a rock. Nor did the State present any evidence of respondent's level of maturity or the extent of his life experience.
In light of the respondent's age at the time of the incident, I would find the trial court's inference of sexual gratification, without enough evidence of intent, was unreasonable. See In re A.J.H.,210 Ill. App. 3d at 72; In re E.R.E., 245 Ill. App. 3d at 674; In reMatthew K., 355 Ill. App. 3d at 656-57.
 I respectfully dissent. *Page 751